UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. KOSKI,

       Plaintiff,                    CIVIL ACTION NO. 11-14894

vs.

                                      DISTRICT JUDGE VICTORIA A. ROBERTS

COMMISSIONER OF                MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Plaintiff's motion for summary judgment (docket no. 12) be denied, Defendant's motion for summary judgment (docket no. 15) be granted, and the instant case be dismissed.

**II.    PROCEDURAL HISTORY:**

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income benefits on March 25, 2010, alleging disability beginning September 1, 2006. (TR 149-56). The Social Security Administration denied the claims and Plaintiff filed a timely request for a *de novo* hearing. On June 10, 2011 Plaintiff appeared with counsel in Livonia, Michigan and testified at a hearing held before Administrative Law Judge (ALJ) Kyle Andeer. (TR 29-65). Vocational Expert (VE) LuAnn Castellana also appeared and testified at the hearing. In a June 30, 2011 decision the ALJ found that Plaintiff is not entitled to disability benefits because the evidence showed that there are a significant number of jobs existing in the national economy that Plaintiff can perform. (TR 13-24). The Appeals Council declined to review the ALJ's decision and

Plaintiff filed a timely complaint for judicial review. The parties filed cross motions for summary judgment which are presently before the Court.

## III.   PLAINTIFF'S TESTIMONY AND RECORD EVIDENCE

### A.   Plaintiff's Testimony

Plaintiff was forty-three years old at the time of his alleged onset of disability. He has a ninth grade education and testified that he had to repeat the ninth grade three times before he successfully completed it. (TR 55). Plaintiff's past relevant work history includes work as a mechanic and inspector for the city water department. (TR 57, 60-61, 230). He alleges disability since September 2006, the month in which he was terminated from his job at the water department for violating his last chance agreement regarding substance abuse. (TR 34-35). Plaintiff claims that he has been sober since 2007. (TR 35).

Plaintiff testified that he has attention deficit disorder which he controlled with Adderall. (TR 45-46). He states that he stopped taking Adderall because of its addictive qualities. Plaintiff claims that he suffers from concentration problems and he has difficulty finishing what he starts. (TR 46-47). He testified that he shovels snow and does other odd jobs, but claims that he is unable to complete a forty-hour work week because he gets discouraged and feels doomed and helpless. (TR 44). He testified that he has approximately six bad days each month during which he feels like he is on a roller coaster and unable to complete what he starts. (TR 53-54). Plaintiff spends much of his time watching television, although he claims that the murder investigation show "48 Hours" is the only show he can concentrate on for a full hour. (TR 47-48). He states that he has crying spells two to three times per month. (TR 50). He testified that he is taking Wellbutrin, Valium, Tylenol with codeine for joint pain, and Naprosyn. (TR 38-40).

2

**B.     Medical Evidence**

Plaintiff argues that the ALJ abused his discretion when he failed to obtain Weschler IV intelligence testing to determine if Plaintiff has cognitive problems, therefore this Report and Recommendation will address Plaintiff's mental condition only.  The medical record shows that Plaintiff has a history of attention deficit disorder, anxiety, and substance abuse treatment.  Plaintiff has been prescribed Adderall for his attention deficit disorder dating back to 2005.  (TR 245-55).

Suzann Kenna, MA, LLP, and Terrance Mills, Ph.D, LP examined Plaintiff and evaluated his mental status on July 20, 2010 on behalf of the state disability determination service.  (TR 257). During the examination Plaintiff complained of difficulties with attending and concentrating and stated that he felt as if his life were caving in on him.  (TR 258).  The practitioners noted that Plaintiff drove to the appointment unaccompanied.  They observed that his eye contact was good, he was confused but aware of his surroundings, and his motivation was good although he claimed to be unable to finish what he started.  The practitioners observed that Plaintiff's motor activity and speech were slowed, and he appeared to have difficulty getting to the point of what was wrong with him. They documented that Plaintiff was oriented times three, he could recall three of three objects after three minutes, repeat five numbers forward and four backward, perform serial sevens well, and he had good judgment and abstract thinking.  (TR 259).  The practitioners highly suggested that Plaintiff be referred for the Weschler IV to see if he has cognitive problems.  They diagnosed Plaintiff with major depressive disorder moderate, cognitive disorder NOS, possible ADD/HD, alcohol and cocaine dependence in remission, and assigned Plaintiff a GAF of 45.

On August 14, 2010 Edward Czarnecki, Ph.D. evaluated Plaintiff's records and concluded that he had mild restrictions in activities of daily living, moderate difficulties maintaining social

functioning and maintaining concentration, persistence, or pace, and no episodes of decompensation. (TR 70). Dr. Czarnecki concluded that Plaintiff's limiting statements were only partially credible because he found that Plaintiff's allegations of extreme problems with focus, sustainability and concentration were not supported by the medical evidence. (TR 71). Dr. Czarnecki determined that Plaintiff had moderate distractibility and he was moderately limited in his ability to understand and remember detailed instructions, although he found that Plaintiff was able to understand and remember simple instructions. (TR 72). He also concluded that Plaintiff was not significantly limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual, and he was able to complete a normal workday and workweek without interruptions from psychologically based symptoms. (TR 72).

On March 8, 2011 Thomas Haefner, LLP, of Development Centers, Inc. evaluated Plaintiff and documented his symptoms as including mood swings, anxiety, depression, and memory difficulties. (TR 335). He diagnosed Plaintiff with major depression, recurrent, severe, without psychotic features. He concluded that Plaintiff was at risk for psychiatric hospitalization and was in need of outpatient care. (TR 335).

On April 12, 2011 Plaintiff presented to Dr. Kehinde Ayeni for a psychiatric evaluation because Plaintiff's attorney wanted him to get an evaluation for SSI. (TR 323). Dr. Ayeni observed that Plaintiff was oriented times three and cooperative, but presented with a depressed mood, pre-occupied thought, and constricted affect. (TR 326). Dr. Ayeni diagnosed Plaintiff with major depressive disorder, recurrent, severe, without psychotic features; alcohol abuse; cardiovascular disease; stroke/seizure disorder and assigned a GAF of 55. (TR 327).

**IV.     VOCATIONAL EXPERT TESTIMONY**

The VE testified that Plaintiff's past relevant work as a water department mechanic is skilled labor with heavy physical demands, and his past work as an inspector is light work with occasional heavy demands. (TR 57, 60-61). The ALJ asked the VE to testify whether jobs were available for a younger individual with a limited education who required: (a) light work because of difficulties with his knees and joints, (b) unskilled work due to symptoms related to psychological problems, and (c) a low-stress job having only occasional decision-making requirements and only occasional changes in the work setting. (TR 58, 61).

The VE testified that the hypothetical individual would not be able to perform Plaintiff's past relevant work, but would be capable of performing light, unskilled work including janitor or housekeeper cleaning jobs, simple machine tending assembly press tender jobs, and small products assembler jobs, comprising approximately 8,700 jobs in southeast Michigan. (TR 62). The VE further testified that there would be no full-time competitive work available for an individual who because of his symptoms would consistently miss one-half day or one full day of work each week. (TR 63).

## V.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that although Plaintiff had not engaged in substantial gainful activity since his alleged onset date of September 1, 2006, and suffers from the severe impairments of major depressive disorder and degenerative disc disease of the lumbar spine, he does not have an impairment or combination of impairments that meets or equals the Listing of Impairments. (TR 15-18). The ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform light work in a low stress environment, and that he is limited to simple, routine, repetitive tasks that require only occasional decision-making, and only occasional changes in the work setting (TR 18-

22). The ALJ concluded that Plaintiff is not disabled because although he is not capable of performing his past relevant work, he remains capable of performing jobs that exist in significant numbers in the national economy. (TR 22-23).

## VI. LAW AND ANALYSIS

### A. Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### B. Framework for Social Security Disability Determinations

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

1. he was not engaged in substantial gainful employment; and
2. he suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. he did not have the residual functional capacity to perform his past relevant work.

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). If Plaintiff's impairments prevented him from doing his past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. § 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.     Analysis**

Plaintiff argues that the ALJ violated the duty imposed by 20 C.F.R. § 416.1444 by failing to act on the recommendation of Suzann Kenna, MA, LLP, and Terrance Mills, Ph.D, LP and refer Plaintiff for Weschler IV testing to determine whether he has cognitive problems. Plaintiff claims that it is material to the development of this case that the Weschler IV testing be performed. He asks the Court to remand this matter to the Social Security Administration with an order to have Weschler IV IQ testing performed.

20 C.F.R. § 416.1444 provides as follows:

> A hearing is open to the parties and to other persons the administrative law

> judge considers necessary and proper. *At the hearing the administrative law judge looks fully into the issues, questions you and the other witnesses, and accepts as evidence any documents that are material to the issues. The administrative law judge may stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing.* The administrative law judge may also reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence. The administrative law judge may decide when the evidence will be presented and when the issues will be discussed.

20 C.F.R. § 416.1444 (emphasis added). An ALJ's duty to conduct a full inquiry for purposes of § 416.1444 "does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision." *Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 214 (6th Cir. 1986) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)). Indeed, the language of 20 C.F.R. § 416.1444 is discretionary and simply grants the ALJ the authority to refer a claimant to a consultative specialist if the existing medical record does not contain sufficient evidence to make a determination. *Id.* (citing 20 C.F.R. § 416.917(a)). The burden of providing a complete record, "defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Id.*

Here, the ALJ considered Suzann Kenna's and Terrance Mills' suggestion that Plaintiff be referred for intelligence testing to see if he has cognitive problems. (TR 21). The ALJ concluded that intelligence testing was not necessary to complete the record. Instead, the ALJ considered Plaintiff's performance on sensorium and mental capacity tests conducted by Kenna and Mills, and noted that Plaintiff repeated five numbers forward and four backward, recalled all three objects after a three-minute delay, performed serial sevens accurately to 72, and did simple calculations without error. (TR 20). The ALJ noted that Plaintiff has not sought ongoing psychological care or therapy

8

since the alleged onset date, and there was no evidence in the record to show that he suffered from significant thought disturbances, mood disorders, or inattentiveness. The ALJ further noted that when Plaintiff did seek out a psychiatric consultation it was not because of any independent desire for treatment but rather because his attorney requested that he get an evaluation for his benefit claim. The ALJ observed that while Plaintiff claimed to feel hopeless, doomed, and easily confused, he admitted spending his time looking for side jobs, preparing car parts to sell on eBay, spending time at a motorcycle hangout, and helping care for his thirteen-year-old son. (TR 20). He also considered evidence showing that Plaintiff was able to maintain a twenty-year work history in a skilled profession at the city water department.

It was Plaintiff's burden to present a complete record to the ALJ. Plaintiff was represented by counsel at the administrative hearing and his attorney informed the ALJ that all of the medical evidence in connection with this case had been submitted. (TR 32). The ALJ supported his decision with citations to the record. The undersigned concludes that the ALJ had a record complete and detailed enough to permit him to assess Plaintiff's mental limitations. Accordingly, the ALJ did not abuse his discretion by not ordering Weschler IV testing.

It is the undersigned's opinion that the ALJ fashioned an appropriate RFC based on Plaintiff's limitations and concluded that Plaintiff was capable of performing a significant number of jobs that exist in the economy. His conclusions are supported by substantial evidence and should not be disturbed.

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: January 2, 2013				s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel

of Record on this date.

Dated: January 2, 2013        s/ Lisa C. Bartlett
                Case Manager